# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7623 | **DATE** | 10/4/2012 |
| **CASE TITLE** | Monzura Porche (#2012-0622118) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's *in forma pauperis* application [3] is denied without prejudice to him submitting a completed application. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint that states a valid claim. Within 30 days of the date of this order, Plaintiff must: (1) prepay the $350 filing fee OR submit a completed *in forma pauperis* application, AND (2) submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application and an amended complaint form. Plaintiff's failure to comply with this order will result in the dismissal of this case.

■ [**For further details see text below.**]   Docketing to mail notices.

# STATEMENT

Plaintiff Monzura Porche, currently confined at the Cook County Jail, has filed this this 42 U.S.C. § 1983 civil rights action against Cook County Jail and Stroger Hospital. He alleges that, on September 8, 2012, another inmate attacked him while he was eating dinner. Plaintiff states that he was struck six times in the head and ear with a dinner tray. He was taken to Stroger Hospital, where he received 10 stitches in his head and 11 stitches on his ear. According to Plaintiff, the officers knew that the inmate who attacked him was a problem inmate (kicked doors, yelled outside his cell every day, and "mess[ed] with people").

Plaintiff seeks to filed his complaint *in forma pauperis* ("IFP"); however, his application does not contain a copy of his prison trust fund account statement showing the activity in his account prior to filing this suit. Under the Prison Litigation Reform Act ("PLRA"), an inmate must pay the full filing fee, which currently is $350. If he is unable to prepay the fee, he may seek to proceed IFP to pay the fee in monthly deductions from his prison trust fund account. If an inmate seeks to proceed IFP, he must submit a completed application on this Court's form so that the Court may assess an initial partial filing fee and direct the trust fund officer to deduct an initial partial fee and future amounts from the inmate's account until the $350 filing fee is paid. The IFP application must include both a certificate from an authorized officer and "a certified copy of the trust fund account statement * * * for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP application contains no statement of his trust fund account. Accordingly, the instant IFP motion is denied without prejudice to Plaintiff submitting a completed application. Plaintiff is given 30 days from the date of this order to comply. His failure to do so will result in the summary dismissal of this case. N.D. Ill. Local Rule 3.3(e).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

As to the complaint, preliminary review, *see* 28 U.S.C. § 1915A, indicates that it cannot proceed. To state a valid failure to protect claim, a plaintiff must allege facts that demonstrate that (1) he faced a substantial risk of serious injury, and (2) the Defendants acted with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). The officers must have been aware of a specific threat, as opposed to a general risk of violence. *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Brown*, 398 F.3d at 909. Plaintiff does not allege that officers knew that his attacker was going to attack him or another inmate at the time of the attack. Nor does Plaintiff name officers who may have had such knowledge as Defendants. The only Defendants whom Plaintiff names are Cook County Jail and Stroger Hospital, neither of which is a suable entity. *Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993).

Additionally, Plaintiff states that the incident occurred on September 8, 2012. He signed his complaint on September 18, 2012. The PLRA contains a comprehensive administrative exhaustion requirement, under which "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). The extremely short length of time between the incident and the date he drafted his complaint indicates that he did not fully exhaust administrative remedies before filing this case. Failure to fully exhaust available administrative remedies before filing suit usually warrants dismissal of the case.

Accordingly, for the reasons stated above, the complaint is dismissed. Plaintiff will be given an opportunity to submit an amended complaint. The amended complaint must state a valid failure to protect claim, name as Defendants the officers who were personally involved with the claim, and indicate that the exhaustion requirement was satisfied before Plaintiff filed this suit. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (although exhaustion is an affirmative defense that need not be alleged in a complaint, if the existence of the affirmative defense is clear from the face of the complaint, a district court may dismiss on that ground without waiting for an answer).

If Plaintiff wants to proceed with this case, he must, within 30 days of the date of this order, both: (1) pay the $350 filing fee OR submit a completed *in forma pauperis* application, AND (2) submit an amended complaint in accordance with this order. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of this action. The Clerk is directed to send Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order. A judge's copy and service copies (one for each Defendant) should be included with the amended complaint, if Plaintiff chooses to proceed further with this case.

Plaintiff is advised that an amended complaint replaces a previously filed complaint. If accepted, the Court will look only to the amended complaint to determine the claims and parties to this suit and will not refer back to the original complaint.