# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7623 | **DATE** | 11/9/12 |
| **CASE TITLE** | Monzura Porche (#2012-0622118) vs. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's current *in forma pauperis* application [7] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from his trust fund account in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff's amended complaint [6] is dismissed without prejudice to Plaintiff submitting a second amended complaint in accordance with this order. The clerk shall send Plaintiff another amended complaint form. Plaintiff is given 30 days from the date of this order to submit a second amended complaint. His failure to do so will result in the dismissal of this case.

■[ For further details see text below.]                                                                 Docketing to mail notices.

# STATEMENT

Plaintiff Monzura Porche, an inmate confined at the Cook County Jail, seeks to bring this 42 U.S.C. § 1983 civil rights action against two jail officers for failing to protect him from an attack by another inmate. On October 4, 2012, the Court denied Plaintiff's *in forma pauperis* ("IFP") application because it did not include a copy of his trust fund account statement in accordance with 28 U.S.C. § 1915(a)(2). The Court also dismissed the complaint, noting that: (1) Plaintiff had not identified the officers who allegedly failed to protect him and (2) his claim appeared to be unexhausted given that the attack on September 4, 2012 occurred only two weeks before he initiated this suit on September 18, 2012 (the date he signed his complaint and IFP motion). Plaintiff has responded with a completed IFP application and an amended complaint.

The current IFP application indicates that Plaintiff cannot prepay the $350 filing fee. The Court grants his IFP motion and, pursuant to 28 U.S.C. § 1915(b), assesses an initial partial filing fee of $1.63. The supervisor of inmate trust accounts at his place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from the trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this case. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail inmate trust account officers shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

As to the amended complaint, Plaintiff identifies the officers who allegedly failed to protect him, but he does not address whether administrative remedies were exhausted. Plaintiff again alleges that he was attacked with a food tray during a meal by another inmate. Plaintiff states that the other inmate was a problem inmate who routinely caused problems at the jail and who was "messing" with Plaintiff on the day of the attack. According to Plaintiff, Defendant Officer Herrera twice ordered the other inmate to leave Plaintiff alone. Herrera then walked away from the area and conversed with Officer Gallitti. While Hererra and Gallitti spoke, the other inmate struck Plaintiff with a food tray. Plaintiff sustained several gashes to his head, for which he received stitches.

| STATEMENT |
|---|

The complaint is unclear as to whether Officers Herrera and Gallitti were aware that the other inmate was going to attack Plaintiff. Although Plaintiff seeks to allege a failure-to-protect claim, his current allegations, even if assumed true, do not support such a claim. *See Rice ex rel. Rice v. Correctional Medical Services,* 675 F.3d 650, 669 (7th Cir. 2012) (to establish a failure-to-protect claim, the defendants must have been "aware of a substantial risk of serious injury to an inmate but nevertheless failed to take appropriate steps to protect him from a known danger") (internal quotation marks and citation omitted). Nor has Plaintiff provided any information as to whether he exhausted administrative remedies about the incident prior to initiating this suit. Given that the incident occurred on September 8, 2012, it does not appear that Plaintiff could have exhausted his administrative remedies before filing suit. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (a district court may dismiss a complaint for an affirmative defense if such a defense is plainly apparent from the face of the complaint).

The Prison Litigation Reform Act requires inmates to administratively exhaust their claims before brining them in court. "No action shall be brought with respect to prison conditions * * * by a prisoner * * * until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). An inmate must utilize a facility's administrative system (i.e. file grievances and appeals in accordance with the facility's procedures) "before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023–24 (7th Cir. 2002). Exhaustion is a precondition to filing suit, and an inmate must exhaust administrative remedies before filing suit; his attempts to do so in the midst of litigation is insufficient. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). If Plaintiff has not exhausted his claim, allowing him to proceed with this case would ultimately result in its dismissal.

Accordingly, the Court dismisses the amended complaint. The dismissal is without prejudice to Plaintiff submitting a second amended complaint that both: (1) states how the Defendant officers failed to protect Plaintiff and (2) states whether Plaintiff exhausted available administrative remedies at the jail before he filed this suit. If Plaintiff has not exhausted administrative remedies, he should consider seeking to dismiss this case without prejudice, exhausting his claim, and then returning to court. Plaintiff is given 30 days from the date of this order to submit a second amended complaint in accordance with the above instructions or seek dismissal of this case without prejudice so he can exhaust administrative remedies. Plaintiff's failure to comply with this order will result in summary dismissal of this case.

*[signature]*