# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7623 | **DATE** | 12/10/2012 |
| **CASE TITLE** | Monzura Porche (#2012-0622118) vs. Cook County Jail et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his second amended complaint [9] against Cook County Jail Officer Gerrera. All other Defendants are dismissed. The clerk shall issue summons for service of this complaint on Officer Gerrera and shall send Plaintiff a Magistrate Judge Consent Form and instructions for filing documents in this Court. The clerk shall also change Defendant Herrera to Gerrera on the docket and caption of the case.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff Monzura Porche, currently confined at the Cook County Jail, has filed a second amended complaint in accordance with the Court's prior order. As in his earlier complaints, he alleges that, on September 8, 2012, he waws attacked by another inmate with a dinner tray and sustained several gashes on his head. In his most recent complaint, Plaintiff states that he previously told Officer Gerrera (also referred to as Herrera) that the other inmate had started a fight with Plaintiff sometime shortly before the attack. Gerrera allegedly told the inmate to leave Plaintiff alone, to which the inmate told Gerrera that he was "going to do something" to Plaintiff. (2d Am. Compl. at 4.) Gerrera allegedly called the inmate to the interlock and spoke to him. Even afer the discussion, the inmate continued to threaten Plaintiff in front of officers. Plaintiff states that the inmate tried to attack Plaintiff in the washroom in front of Gerrera, who again told the inmate to leave Plaintiff alone. After Plaintiff returned to his seat, he was attacked by the other inmate with a food tray. Plaintiff also alleges that he filed several grievances, but they were ignored.

Plaintiff has sufficiently alleged that Officer Gerrera may have acted with deliberate indifference to Plaintiff's safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (to state a valid failure to protect claim, a plaintiff must allege facts that demonstrate that (1) he faced a substantial risk of serious injury, which must be more than a general threat of violence, and (2) the Defendant acted with deliberate indifference to that risk). The clerk shall issue summons of the second amended complaint on Gerrera. However, Plaintiff does not indicate that other officers had knowledge of a threat of an attack. Accordingly, all other Defendants are dismissed.

The United States Marshals Service is appointed to serve Officer Gerrera, who Plaintiff states worked the 3-11 shift in his division. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant. Plaintiff's failure to return forms may result in the dismissal of this Defendant. With respect to any former employee who can no longer be found at the Cook County Jail, officials there shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service, should a dispute arise, and any documentation of the address shall

## STATEMENT

be retained only by the Marshal and will not be kept in the Court's file. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) If unable to obtain a waiver, the Marshal shall attempt personal service.

*/s/ [signature]*